IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **WESTERN VISION SOFTWARE, L.C.,** a Utah corporation,<br><br>    **Plaintiff,**<br><br>v.<br><br>**PROCESS VISION, LLC; and JOHN DOES 1-10,**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 1:12cv155**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(l)(A).[1] Before the court is Process Vision, LLC's ("Defendant") motion to quash three subpoenas *duces tecum* issued by Western Vision Software, L.C. ("Plaintiff").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff filed this action alleging that Defendant breached the implied covenant of good faith and fair dealing with regard to an agreement to build and sell digital seed counting products ("OptiCount Machines"). During discovery, Plaintiff issued subpoenas *duces tecum* from this

---

[1] *See* docket no. 15.

[2] *See* docket no. 12.

court to Monsanto Company, Pioneer Hi-Bred International, Inc., and Satake USA Inc.  The subpoenas seek "all documents and other physical records" associated with the OptiCount Machines, as well as terms and date of purchase, location, serial number, and "any information . . . concerning any upgrade, maintenance, or other change to the software used in connection with each [OptiCount] Machine."[3]  Defendant argues the subpoenas should be quashed because the subpoenas were issued to nonparties that are neither located within this court's district nor within 100 miles of the place specified for the deposition and production of documents.  Defendant also argues that the subpoenas do not include the form and content required from rule 45 of the Federal Rules of Civil Procedure, service was improper, and Plaintiff failed to notify Defendant's counsel prior to service.  Finally, Defendant argues that the subpoenas seek both confidential and irrelevant information.  Defendant also requests attorney fees because Plaintiff "has inexcusably violated Rule 45 of the Federal Rules of Civil Procedure."[4]  Plaintiff responds that Defendant "lacks standing to object to the . . . subpoenas" because "none of the subpoenas in question were issued to Defendant."[5]

## DISCUSSION

A motion to quash a third-party subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."  *Hertenstein v.*

---

[3] Docket no. 12-1 at 3, 7, 11.

[4] *Id.* at ii.

[5] Docket no. 13 at 3.

*Kimberly Home Health Care*, *Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (quotation and citation omitted). Accordingly, for Defendant to have standing to bring this motion, it must present a personal right or privilege with respect to the information sought.

Court decisions have not provided a specific definition of what constitutes a personal right to oppose third-party subpoenas. However, courts have applied the exception to specific factual circumstances. For example, courts have held that a party has a personal right to challenge a subpoena seeking her employment records. *See, e.g.*, *Richards v. Convergys Corp*, No. 2:05CV790 DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007). Other courts have held that individuals have standing to oppose subpoenas of their banking or psychiatric and mental health records. *See*, *e.g.*, *Jacobs v. Conn. Cmty. Technical Coll.*, 258 F.R.D. 192, 195 (D. Conn. 2009) (mental health records); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (bank records).

Defendant, as the party challenging the subpoena on the basis of privilege, "bear[s] the burden of establishing that it applies." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Autoservicenter*, 211 F.R.D. 658, 661 (D. Kan. 2003) (citation omitted). In order to satisfy its burden of proof, Defendant "must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery. A blanket claim as to the applicability of a privilege does not satisfy the burden of proof." *Id.*

### 1.  "Work Product"[6]

Defendant asserts it has a personal interest because the subpoenas seek "information regarding [Defendant's] work product" and includes Defendant's confidential commercial

---

[6] Defendant confusingly uses the term "work product" to mean intellectual property created in the course of business. The court uses this term in accordance with Defendant's meaning, but notes that work product created in preparation for trial does provide a personal right to oppose third-party subpoena. *See Goodyear Tire & Rubber Co.*, 211 F.R.D. at 660.

3

information.[7]  Defendant primarily relies on *E.E.O.C. v. Holmes & Holmes Indus. Inc.*, No. 2:10CV955 DAK-PMW, 2011 WL 5118306 (D. Utah Oct. 27, 2011), to support its contention that subpoenaed work product provides standing to oppose a third-party subpoena.  In *Holmes & Holmes*, the defendant sought rap lyrics from a third-party music production company that had been written by the plaintiffs-in-intervention.  *See id.* at *1.  Although the defendant did not challenge the plaintiff's standing to bring a motion to quash, the court held the plaintiff had "sufficient interest in the information sought by the subpoena" to bring the motion.  *Id.* at *1 n.5.

*Holmes & Holmes* is easily distinguishable from the present case.  In *Holmes & Holmes*, the plaintiffs-in-intervention had a personal interest in the lyrics as the original authors of them and the lyrics were created in the course of their employment.  Here, the requested documents were not created or maintained by Defendant.  Nor is the requested information Defendant's intellectual property.  While the subpoenas may reference equipment made by Defendant, they request records and documents created by Monsanto Company, Pioneer Hi-Bred International, Inc., and Satake USA Inc.  Accordingly, Defendant has failed to meet its burden that it has a personal right sufficient to grant standing to quash the subpoena.

## 2.  Confidential Commercial Information

Defendant also avers that it "has a personal right to the information sought from the [s]ubpoenas as they request [Defendant's] confidential commercial information[,]"[8] including the terms of sale, specific serial number, and current location of each OptiCount Machine.  The Federal Rules of Civil Procedure do not define the term "confidential commercial information." However, cases have defined it as "information which, if disclosed, would cause substantial

---

[7] Docket no. 14 at 7.

[8] *Id.*

economic harm to the competitive position of the entity from whom the information was obtained." *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994). Again, Defendant, as the moving party, "has the burden to establish that the information sought is confidential and that its disclosure will work a clearly defined and serious injury to the moving party." *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *8 (D. Kan. July 8, 2002). Defendant's claim must also "be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to enable the demanding party to contest the claim." *Diamond State Ins.*, 157 F.R.D. at 697-98. Defendant has not met this burden. It has failed to show that any of the requested information qualifies as confidential information that will "cause substantial economic harm." *Id.* at 697. None of the subpoenas sought Defendant's bank or financial records, employment files, or other privileged, confidential items. Accordingly, Defendant has not met its burden to show it has standing to oppose Plaintiff's third-party subpoenas.

Defendant also argues that "standing is not an issue because the rules mandate the court to quash a subpoena"[9] and that the court must quash a deficient subpoena "regardless as to whether a party has standing or not."[10] Finally, Defendant argues, "[n]owhere in the rule does it say that a person must have standing in order for the court to quash a subpoena."[11] This argument disregards both the text of the Federal Rules of Civil Procedure and longstanding case law. Rule 45 indicates that the "court must quash or modify a subpoena" under certain circumstances; however, this language follows the qualifier "on timely motion." Fed. R. Civ. P.

---

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] *Id.*

5

45(c)(3)(a).  In order to bring a motion, a party must have standing.  *See Hertenstein*, 189 F.R.D. at 635 (allowing only the party to whom the subpoena is directed or a party with a personal right to the subpoenaed information to bring a motion to quash).  Under Defendant's logic, any person or party, regardless of interest in the case, could argue for the modification or quashing of a motion.  This is not what the rules intend.  The court concludes that Defendant does not have a personal interest in the information sought by the subpoenas *duces tecum* and thus lacks standing.  Accordingly, Defendant's motion to quash is **DENIED.**

### 3. Attorney Fees

Defendant also requests attorney fees.  However, rule 45(c)(1) sanctions, including attorney fees, are used to incentive parties "to avoid imposing undue burden or expense on a person *subject to the subpoena*."  Fed. R. Civ. P. 45(c)(l) (emphasis added).  Here, Defendant is not subject to the subpoena and no averments have been made that Plaintiff placed any undue burden upon the third parties.  Accordingly, Defendant's request for attorney fees is **DENIED.**

### CONCLUSION

Based on the foregoing, Defendant's motion to quash[12] is **DENIED** and its request for attorney fees is likewise **DENIED**.

**IT IS SO ORDERED.**

DATED this 8th day of April, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket no. 12.