# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **WESTERN VISION SOFTWARE, L.C.,** a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PROCESS VISION, LLC; and JOHN DOES 1-10,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:12cv155<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(l)(A).[1] Before the court is judgment creditor Western Vision Software, L.C.'s ("WVS") motion for Mr. Cal Gray to appear for deposition regarding property and assets of judgment debtor Process Vision, LLC ("PVL").[2] The court has carefully reviewed the written materials submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the moving papers.

## **BACKGROUND**

In relevant part, judgment creditor WVS obtained a judgment against judgment debtor PVL on June 18, 2014.[3] On August 21, 2014, WVS filed the instant motion requesting that the Court (1) order Mr. Gray to appear in Salt Lake City for a deposition as part of supplemental

---

[1] *See* docket no. 88.

[2] *See* docket no. 79.

[3] *See* docket no. 67.

proceedings to investigate the assets of PVL, and (2) order PVL to "refrain from alienation or disposition of any property or assets."[4]

Mr. Gray is an individual and not named as a party in the underlying action or in the judgment. Neither party submitted a supporting affidavit, but both parties' moving papers appear to agree that Mr. Gray resides in Virginia. Accordingly, the court will accept this representation as accurate for purposes of ruling on this motion.

In its reply, WVS curtailed the request prohibiting any alienation or disposition of assets to allow for continued sales of seed counters "so long as two-thirds of the profits of such sales are immediately forwarded to Western Vision pursuant to the terms of the contract between the parties, along with sufficient documentation to allow Western vision to verify costs and revenues."[5]

On July 16, 2014, PVL filed its renewed motion for judgment as a matter of law.[6] On September 8, 2014, PVL filed a motion to stay the judgment pending resolution of the July 16, 2014 motion.[7] On February 19, 2015, the court denied both motions.[8] Given the court's denial of these motions, the arguments raised by PVL in the underlying motions are moot and were not considered by the court here.

## DISCUSSION

### Motion for Cal Gray to Appear for Deposition

WVS seeks an order compelling Mr. Gray, a non-party individual and apparent Virginia resident, to attend a deposition in Utah to assist WVS in identifying assets of PVL.

---

[4] Docket no. 79 at 2.

[5] Docket no. 87 at 3.

[6] Docket no. 70.

[7] Docket no. 85.

[8] Docket no. 92.

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. Proc. 69(a)(1). The Utah Rules of Civil Procedure state that the "court may permit discovery" and that "[w]itnesses may be subpoenaed to appear, testify and produce records." Utah R. Civ. P. 64(c)(2).

However, a subpoena may only "command a person to attend a . . . deposition . . . within 100 miles of where the person resides . . . ." Fed. R. Civ. P. 45(c); *see also* Utah R. Civ. P. 45(c)(2) (providing only that "[a] person who does not reside in this state but who is *served in this state* may be required to appear" for a deposition or hearing in Utah) (emphasis added); Utah R. Civ. P. 45(e)(3) (allowing a non-resident to object to a subpoena that "requires a non-resident of this state to appear at other than a trial or hearing in a county other than the county in which the person was served").

Utah is not within 100 miles of Mr. Gray's apparent residence, and there is no evidence that Mr. Gray was served with a subpoena while in Utah. Contrary to WVS's papers, Mr. Gray is not a "Defendant [who] has submitted to the jurisdiction of this court,"[9] and WVS's reliance on cases regarding jurisdiction over "litigants"[10] is inapposite. Mr. Gray was not a defendant in the underlying complaint and is not named in the judgment that WVS seeks to enforce.[11] Neither

---

[9] Docket no. 79 at 2.

[10] Docket no.

[11] See docket nos. 2-1 and 67.

federal statute nor Utah state law provide a basis for compelling Mr. Gray, a non-party, non-resident individual, to travel from Virginia to Utah for a supplemental proceeding.

Accordingly, Plaintiff's motion for an order compelling Mr. Gray to appear in Salt Lake City is **DENIED.**

### Motion Regarding Alienation or Disposition of Property and Assets of PVL

Judgment creditor WVS also moves the court to order judgment debtor PVL to refrain from alienation or disposition of any property or assets.[12]

Rule 69(a) of the Federal Rules of Civil Procedure states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise."  "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. Proc. 69(a)(1).

Civil Rule 69-1(a) of the Rules of Practice for the United States District Court for the District of Utah states: "The moving party, *on proper affidavit*, may request that the debtor or other person be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the moving party's interest." (emphasis added).  Further, "[i]n any case in which the moving party seeks a restraint of the debtor's or other person's property, the magistrate judge will make findings and a report for the district judge with an order for restraint that the district judge may issue." DUCivR 69–1(b).

Here, WVS failed to submit an affidavit in support of its motion, and the court has no basis for making the requisite findings or report.  Accordingly, WVS's motion for an order that

---

[12] Docket no. 79.

PVL refrain from alienation or disposition of any property or assets is **DENIED** without prejudice.

Finally, the opposition and reply papers appear to show some agreement between the parties regarding the handling of PVL's seed counter profits.  To the extent that WVS deems the filing of a similar motion necessary, the court strongly urges the parties to attempt to stipulate to a proposed order or resolve as many issues as practicable prior to involving the court.

**IT IS SO ORDERED.**

DATED this 6th day of March, 2015.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge